IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
May 31, 2013 Session

# E. RON PICKARD ET AL. V. TENNESSEE WATER QUALITY CONTROL BOARD ET AL.

**Appeal by Permission from the Court of Appeals**
**Chancery Court for Davidson County**
**No. 09-2298-III      Ellen Hobbs Lyle, Chancellor**

---

**No. M2011-02600-SC-R11-CV - Filed January 6, 2014**

---

WILLIAM C. KOCH, JR., J., delivered the opinion of the Court, in which GARY R. WADE, C.J., JANICE M. HOLDER, CORNELIA A. CLARK, and SHARON G. LEE, JJ., joined.

## OPINION DENYING PETITION FOR REHEARING

E. Ron Pickard and Linda Pickard have filed a timely Tenn. R. App. P. 39 petition requesting this Court to revisit its opinion filed in this case on December 17, 2013. This petition is premised on the Pickards' erroneous conclusion that the focal point of the Court's analysis was their April 6, 2009 petition for a declaratory order, to the exclusion of their January 16, 2009 petition for a declaratory order.

As this Court pointed out in its December 17, 2013 opinion, this appeal concerns only the Pickards' petition for declaratory judgment filed on December 4, 2009.[1] In accordance with Tenn. Code Ann. § 4-5-225(b) (2011), this petition could be filed in the trial court only after the Pickards petitioned the Tennessee Water Quality Control Board for a declaratory order, and the Board refused to issue a declaratory order.[2]

---

[1] *Pickard v. Tennessee Water Quality Control Bd.*, ___ S.W.3d ___, ___, 2013 WL 6623553, at *3 (Tenn. Dec. 17, 2013).

[2] *Pickard*, ___ S.W.3d at ___, 2013 WL 6623553, at *3 n.6.

In their December 4, 2009 petition, the Pickards alleged that the Board had declined to issue a declaratory order on two occasions – the first in response to their January 16, 2009 petition for a declaratory order[3] and the second in response to their April 6, 2009 petition for declaratory order.[4] Based on these allegations, the most reasonable interpretation of the Pickards' December 4, 2009 petition for a declaratory judgment is that they were relying on both the Board's February 18, 2009 order declining to convene a contested case hearing in response to their January 16, 2009 petition and the administrative law judge's October 6, 2009 order dismissing their April 6, 2009 petition to support their request for a declaratory judgment under Tenn. Code Ann. § 4-5-225.

We also framed the issue in this case broadly enough to cover the issuance of preliminary discharge permits and the issuance or denial of final discharge permits. Our December 17, 2013 opinion states that

> the issue we must address is whether Tenn. Code Ann. § 69-3-105(i) prevents third parties such as the Pickards from obtaining administrative and judicial review of the Commissioner's application of the Antidegradation Rule *in a particular permitting decision* using either a petition for declaratory order under Tenn. Code Ann. § 4-5-223 or a petition for declaratory judgment under Tenn. Code Ann. § 4-5-225 (emphasis added).[5]

Our analysis of this issue is not confined to the Commissioner's issuance of a final discharge permit or to the dismissal of the Pickards' April 6, 2009 petition. To the contrary, we emphasized the language in Tenn. Code Ann. § 69-3-105(i) that "[t]he permit appeal to the Board authorized by Tenn. Code Ann. § 69-3-105(i) is the 'exclusive means for obtaining administrative review of the commissioner's issuance or denial of a permit.'"[6] Based on this language, we held that "it is indubitable that the permit appeals authorized by Tenn. Code Ann. § 69-3-105(i) have displaced the petitions for declaratory orders under Tenn. Code Ann.

---

[3]Petition for Declaratory Judgment ¶ 10 (alleging that "[t]he Petition for Declaratory Order was therefore refused.").

[4]Petition for Declaratory Judgment ¶ 14 (alleging that "[p]etitioners have therefore exhausted all available administrative remedies having been twice dismissed from the Water Board. Petitioners contend that the Water Board has refused to render a declaratory order and this action lies now within the jurisdiction of the Chancery Court.").

[5]*Pickard*, ___ S.W.3d at ___, 2013 WL 6623553, at *7.

[6]*Pickard*, ___ S.W.3d at ___, 2013 WL 6623553, at *8.

§ 4-5-223 . . . as the procedure for seeking administrative and judicial review of the Commissioner's permitting decisions."[7]

Thus, this Court's interpretation of Tenn. Code Ann. § 69-3-105(i) undermines not only the viability of the Pickards' April 6, 2009 petition, but also the viability of their January 16, 2009 petition. The purpose of enacting Tenn. Code Ann. § 69-3-105(i) was to "simplify the administrative and judicial review of the Commissioner's permitting decisions"[8] and to "establish a single, straightforward process by which any aggrieved person . . . would be able to obtain both administrative and, if necessary, judicial review of a decision by the Commissioner regarding a discharge permit."[9] Accordingly, Tenn. Code Ann. § 69-3-105(i) prevents parties such as the Pickards from using the procedures in Tenn. Code Ann. §§ 4-5-223, -225 to seek administrative or judicial review of the Commissioner's interpretation and application of the Antidegradation Rule in the context of granting or denying a final discharge permit.

Similarly, Tenn. Code Ann. § 69-3-105(i) prevents using Tenn. Code Ann. §§ 4-5-223, -225 to seek premature administrative or judicial review of the Commissioner's interpretation and application of the Antidegradation Rule in the context of issuing a draft permit. Any other interpretation of Tenn. Code Ann. § 69-3-105(i) would only perpetuate the delays and complexity that the General Assembly desired to eliminate when it enacted the statute.[10]

The petition for rehearing is respectfully denied with costs taxed to E. Ron Pickard and Linda Pickard as trustees of the Sharon Charitable Trust and as individuals, from which execution, if necessary, may issue.

_____
WILLIAM C. KOCH, JR., JUSTICE

---

[7]*Pickard*, ___ S.W.3d at ___, 2013 WL 6623553, at *8.

[8]*Pickard*, ___ S.W.3d at ___, 2013 WL 6623663, at *8.

[9]*Pickard*, ___ S.W.3d at ___, 2013 WL 6623663, at *8.

[10]Our interpretation of Tenn. Code Ann. § 69-3-105(i) affords parties such as the Pickards the opportunity to obtain the Board's review of the Commissioner's interpretation and application of the Antidegradation Rule in the context of the issuance of a final discharge permit, as well as the opportunity to seek judicial review of the Board's decision in accordance with Tenn. Code Ann. § 4-5-322 (Supp. 2013).